UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NXIVM CORPORATION,

Plaintiff,

v.

DECISION AND ORDER
09-CV-338S

RICK ROSS, a/k/a "Ricky Ross," d/b/a
ROSS INSTITUTE OF NEW JERSEY or
RICK A. ROSS INSTITUTE OF NEW JERSEY,
MORRIS SUTTON, and ROCHELLE SUTTON,

Defendants.

1. Plaintiff, NXIVM Corporation ("NXIVM"), brings this diversity action alleging various claims arising out of allegedly defamatory articles published by Defendant Rick Ross (d/b/a Rick A. Ross Institute of New Jersey or Ross Institute of New Jersey) on websites that he maintains. NXIVM also alleges that Morris Sutton and Rochelle Sutton (the "Suttons") are liable for those publications. Presently before this Court is the Suttons' Motion to Dismiss, Transfer, or Abstain. For the following reasons, the Suttons' Motion to Transfer is granted, while the alternative forms of relief requested in that motion are denied as moot.

2. By way of a brief background,[1] NXIVM is a self-help organization that describes itself as offering "training, coaching, and ethics programs primarily designed for leaders, teachers, executives organization heads, concerned citizens, decision makers and

[1] For a full account of the facts, see this Court's June 22, 2009 Decision and Order (Docket No. 34.)

others who value ethical, humanitarian performance." (Complaint, ¶ 6.) In the fall of 2000, the Suttons' son, Michael Sutton, got involved with this group to the displeasure of his parents. (Complaint, ¶ 10.) The Suttons believe NXIVM is a cult and hired Ross, a known "counter-cult deprogrammer," in an effort to persuade their son to drop his affiliation with NXIVM. (Complaint, ¶ 12.) The gravamen of NXIVM's claim arises out of an article Ross wrote and published on his website that called into question NXIVM's legitimacy and noted that participants in NXIVM's programs have sought psychiatric treatment, been hospitalized, and in one case, committed suicide (Ross Article; Docket No. 1, Exhibit A.) The article also allegedly contained a link to a piece in the *Albany Times Union* that described the young woman's suicide. (Id.) NXIVM alleges that these articles contained information that Ross knew to be false and that the Suttons, angry with NXIVM for luring in their son, conspired with Ross to publish the articles. (Complaint, ¶¶ 18-20, 49, 59, 63.)

3. This is not the only pending action between NXIVM, the Suttons and Ross. NXIVM previously brought a similar action in the Northern District of New York, which, with all parties consent, was then transferred to United States District Court of New Jersey. (United States District Court of New Jersey Opinion, Kofman Declaration, Exhibit J; Docket No. 12.) That action involves the same foundational set of facts alleged in this action. (Id.) Specifically NXVIM alleges in that action that the Suttons, upset with their son's involvement with NXVIM, set out to facilitate its downfall by helping Ross and others "disparage and damage Plaintiffs' business." (Id., p. 5.) In that action, NXIVM also asserts claims that involve allegedly defamatory articles, albeit different articles, published on Ross' website. (Id.)

4. The Suttons raise several arguments in support of their motion: (1) personal jurisdiction is lacking; (2) venue is improper; (3) dismissal or transfer is warranted under the "first-filed" rule[2]; and lastly (4) transfer to the United States District Court of New Jersey is warranted under 28 U.S.C. §§ 1404 and 1406.

5. 28 U.S.C. § 1404 grants district courts the power to transfer a civil action to a more convenient district court. In relevant part, it states simply:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." Filmline (Cross–Country) Productions, Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006). The factors considered by courts in the Second Circuit when deciding whether to transfer a case include: "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing

[2]The "first-filed" rule states that where two competing lawsuits have been filed in different jurisdictions, the first action is given priority and the second action may be suspended or transferred in the interests of judicial economy. First City Nat. Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989).

law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am. Inc., 474 F. Supp. 2d 474, 480 (S.D.N.Y. 2007).

"The analysis is a flexible one, because '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.'" Id. (quoting William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177, 179 (2d Cir.1969)).

6. Primarily because a substantially similar action is pending in the New Jersey District Court, this Court finds that the weight of these factors favors transfer. A discussion of the most relevant of these follows.

7. Some courts deem the convenience of the witnesses the most important factor. See Aerotel, Ltd. v. Sprint Corp., 100 F. Supp. 2d 189, 197 (S.D.N.Y.2000). Since the parties in this action are all parties in the New Jersey action, it would unquestionably be more convenient for them to conduct all their litigation in one geographical area. As for the non-party witnesses, although NXIVM correctly asserts that since discovery has not yet occurred not all the potential non-party witnesses have been identified, it is a sound assumption that, based on the common facts, there will be also be common witnesses. Therefore, it would also be far more convenient for them if all the litigation occurred in one court.

8. Also, the operative facts occurred in New Jersey. There is no dispute that the Suttons hired Ross in New Jersey and that Ross maintains and published articles on his websites in New Jersey – these are the very actions about which NXVIM complains.

9. Although a plaintiff's choice of forum should be accorded deference, this Court is not even NXIVM's choice. It brought suit in the New York State Supreme Court for Niagara County and opposed removal.

NXIVM does assert that its principal place of business is in Niagara Falls, New York, and therefore its choice should be accorded special deference because it chose its home forum. However, it appears that NXIVM considers its principal place of business to be anywhere that is most convenient for its litigation needs. Before filing this action, NXIVM, a Delaware corporation, claims that it moved its principal place of business from Albany to Niagara Falls. However, Keith Raniere, founder of NXIVM, cannot say for what purpose the office in Niagara Falls is used, nor is he even sure of its location. (Kofman Reply Declaration, Exhibit B, p. 274-75; Docket No. 38-2.) What is more, its corporate charter identifies its principal place of business at 455 Karner Road, Albany, New York. (Kofman Reply Declaration, Exhibit H.) Therefore, this Court affords NXIVM's choice of forum no deference.

10. Finally, trial efficiency and the interests of justice compel the transfer of this litigation. The district court in New Jersey has already deeply familiarized itself with the factual and legal circumstances of the case before it. Although NXIVM brings slightly different claims here, the crux of its allegations remain the same – namely that the Suttons hired Ross in an effort to dissuade their son from remaining in the NXIVM organization and that collectively, they engaged in various unlawful acts against NXIVM. Having already issued an opinion which demonstrates a thorough understanding of the merits of the case, the New Jersey District Court is better suited to adjudicate these claims. For the same

reasons, efficiency compels transfer: there is simply no valid reason to bifurcate these claims and double the expense and effort required to adjudicate them. See Forjone v. California, 425 Fed. Appx. 73, 74-75 (2d Cir. 2011) (finding that, under circumstances where an action was brought by several of the same plaintiffs against several of the same defendants and involved substantially similar claims, the district court reasonably concluded that hearing the two actions in the same district would be more efficient and convenient for both the court and the parties, and would minimize the risk of reaching inconsistent results.) This reasoning also comports with Supreme Court jurisprudence, which instructs courts to give "regard to conservation of judicial resources and comprehensive disposition of litigation." Kerotest Mfg. Co. V. C-O Two Fire Equip. Co., 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200 (1952). Therefore, this Court finds that transfer is the most efficient and economical course of action.[3]

11. For the foregoing reasons, this Court finds that transfer to the New Jersey District Court is prudent under 28 U.S.C. § 1404(a).

IT HEREBY IS ORDERED, Defendants' Motion to Transfer to United States District Court for the District of New Jersey (Docket No. 11) is GRANTED.

FURTHER, Defendants' Motion to Dismiss or Abstain (Docket No. 11) is denied as

[3]This finding renders the Suttons' remaining arguments moot. Also note that transfer is permitted even where the district court lacks personal jurisdiction over a defendant. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Further, the "first-filed" rule, argued by the Suttons, requires essentially the same analysis as § 1404 generally. See LaFarge N. Am., 474 F. Supp. at 481-82; see also Micromuse, Inc. v. Aprisma Mgmt Tech., Inc., No. 05 Civ. 0894, 2005 WL 1241924, at *4 (S.D.N.Y.2005) (discussing prior related action pending in another court under "judicial economy" factor).

moot in light of the transfer.

FURTHER, the Clerk of the Court shall transfer this case to the United States District Court for the District of New Jersey.

FURTHER, the Clerk of the Court shall close this case.

SO ORDERED.

Dated: October 23, 2011
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court